STATE OF MISSOURI, Respondent, v. W. H. GOAD, Appellant.

In the Springfield Court of Appeals, December 7, 1923.

INTOXICATING LIQUORS: Federal Permit no Defense in Prosecution under State Statute. In a prosecution for having issued a prescription for a pint of whisky without first having obtained a permit from the judges of the county court under Revised Statutes 1919, sec. 6592, it was no defense that a Federal permit had been issued.

Appeal from the Circuit Court of Stoddard County.— *Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*W. E. Edmonds* and *E. R. Lentz* for appellant.

*George W. Ray* for respondent.

FARRINGTON, J.—The appellant was convicted under section 6592, Revised Statutes 1919, for having

(128)

State v. Goad.

issued a prescription for one pint of whisky without first having obtained a permit from the judges of the county court of Stoddard County. The only defense attempted to be shown in the trial court was that the defendant had procured a Federal license to issue prescriptions. The trial court held that it was no excuse for violating a State regulation to show that a Federal permit had been issued.

The case was first appealed to the Supreme Court and transferred here, as the offense charged was a misdemeanor and no constitutional question raised in the record proper.

Appellant cites no cases to sustain his view that because the amendment gave concurrent jurisdiction to Federal and State authorities to enforce the amendment, that when one had acted the other could not act. On the other hand, we are cited by the Attorney-General to the case of Moore v. State of Ill., 14 U. S. (Law Ed.) 13, which holds: "Every citizen of the United States is also a citizen of the State or territory. He may be said to owe allegiance to two sovereigns and may be liable to punishment for an infraction of the laws of either. The same act may be an offense or transgression of the laws of both." [See, also, Rhode Island v. Palmer, 253 U. S. 350; U. S. v. Cruikshank, 92 U. S. 542; Ex Parte Siebold, 100 U. S. 390.]

It, therefore, follows that when defendant admitted that he issued this prescription without having complied with the laws of the State of Missouri providing for permits, he for all practical purposes plead guilty to the offense charged. This being true, it will be unnecessary to notice errors assigned or the giving of instructions and comments of the trial judge during the progress of the trial. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.